**HAINER v INDUSTRIAL COMMISSION**

Ohio Appeals, 9th Dist, Summit Co

No 2648. Decided Jan 14, 1937

No 2684. Decided Jan 14, 1937

W. E. Pardee, Akron, and C. T. Moore, Akron, for plaintiff in error.
John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Atty. Gen.,

Columbus, and Herman E. Werner, Prosecuting Atty., Akron, for defendant in error.

**OPINION**

By FUNK, PJ.

On October 13, 1934, Russell Hainer duly filed in the Court of Common Pleas of Summit County, Ohio, his petition on appeal from the decision of the Industrial Commission of Ohio, whereby his claim for compensation, based upon injuries alleged to have been received in the course of his employment, was duly disallowed on a rehearing of the same before said commission.

On November 22, 1934, said Russell Hainer died, leaving Lydia A. Hainer as his widow and sole and only dependent and heir at law.

On March 27, 1935, the Industrial Commission filed in said court in said case what it called an application, asking said court "to dismiss said cause for want of parties plaintiff, for the reason that this is a cause that does not survive or pass to the plaintiff's representative."

On the next day, March 28, 1935, said Lydia A. Hainer, by her attorneys, filed a motion which reads as follows:

"Now comes Lydia A. Hainer and respectfully represents that Russell Hainer, the plaintiff herein, died on the 22nd day of November, 1934, leaving the said Lydia A. Hainer his widow and only heir at law and his sole dependent.

"Your applicant therefore prays that the action may be revived and proceed to judgment as provided by law."

These two motions were heard and considered together in the Common Pleas Court, whereupon said court overruled said motion of Lydia A. Hainer to revive the action in her name, and sustained said motion of defendant to dismiss the action. Final judgment was entered upon these rulings, and exception was taken thereto by said Lydia A. Hainer.

The cause is now before us upon the petition in error of said Lydia A. Hainer, seeking to reverse the rulings of said court on said two motions on the ground that said decisions were contrary to law.

Counsel for said widow claim that, as the action of said Russell Hainer had been commenced and was pending at the time of his death, the statutory provisions relating to the survival and abatement of actions, to-wit, §§11397 and 11235, GC, have application to the instant case, and cite 1 O. Jur., "Abatement and Revival," §20, pp. 55-56, in support of their contention.

An examination of the cases cited in support of the text relied upon in 1 O. Jur., supra, discloses that one is a divorce and alimony case, and the other a contest of a will case, and accordingly have reference to laws of a general nature, and have little, if any, bearing upon proceedings under the Workmen's Compensation Act.

The court below having decided said two motions as it did upon the authority of Bozzelli v Industrial Commission, 122 Oh St 201, and State ex Rowland, Admr. v Industrial Commission, 126 Oh St 23, counsel for said widow point out that those cases involved the assertion of the right of revivor by an administrator or executor, and not by a dependent, as in the instant case. Said counsel further contend that the syllabus in the Bozzelli case goes farther than the facts in the case required, and, while the court thus attempts to adopt a very broad and comprehensive rule, "it must be remembered that after all the case involved only the right of an injured workman's administratrix to revive the action in her name" as such administratrix and not in the name of a dependent; the claim being that the theory of those two cases is that benefits accruing under the Workmen's Compensation Act are not subject to administration, at least until after they have been paid to the employee or his dependents, and that said cases are therefore not controlling in the instant case.

While it is true that said Bozzelli and Rowland cases were actions on behalf of the administrators of the deceased workman, and the court did hold that an award of compensation under the Workmen's Compensation Act was not subject to administration as a part of the estate of such deceased workman, and that accordingly an action commenced by such a workman could not be revived or maintained in the first instance by an administrator or executor of a deceased workman, we think that the provisions of said compensation act, and the language used in the opinion and in the syllabus of said case of Bozzelli v Industrial Comm., supra, requires a holding that, where a workman dies from causes other than the alleged injury prior to the award being made, the right to an award dies with him and does not survive either to his estate or his dependent. In support of this position, we call attention to the first two syllabi in said Bozzelli case, which read as follows:

"1. The rights of employees and dependents to recover compensation from and to participate in the state insurance fund rest, not upon the principles of the common law, but upon the grant of legislative authority and are only such as may be conferred by the Workmen's Compensation Law.

"2. Under the Constitution and laws enacted pursuant thereto, compensation is payable to two classes: To the living employee or to his dependents after death. When disability compensation has been awarded to the employee before death, the unpaid balance thereof is paid to the dependents, if any, under the provisions of §1465-83, GC."

We also call attention to the following excerpts from the body of said opinion:

"Our entire compensation scheme breathes the spirit and avows as its purpose the payment of compensation to two classes only— to the injured workman and to his dependents. §35, Article II, of our Constitution, provides that laws may be passed 'providing compensation to workmen and their dependents, * * * and to collect, administer and distribute such fund, and to determine all rights of claimants thereto.' Responding to that constitutional grant of authority, the state legislature, in various provisions of the Workmen's Compensation Act, classified the beneficiaries who may receive compensation from the fund into the two classes named in the Constitution, viz., the injured workman and his dependents. §1465-68, GC, under the title, 'Who are Entitled to Compensation,' provides that 'every employee * * * who is injured, and the dependents of such as are killed * * *' shall be paid such compensation out of the state insurance fund, etc.

"Further carrying out of the constitutional and legislative intent, §§1465-79, 1465-80 and 1465-81 GC, provide that, when the workman's disability is temporary, partial, or totally permanent, compensation out of the fund is available to the workman."

"* * * The dependents' right to compensation, as we construe the Compensation Act, is the right to receive benefits in case of death; **the only exception being that, if death results from causes other than the injury, then the dependents may receive disability compensation under §1465-83, GC,. their recovery being limited to the unpaid balances on awards theretofore made for such disability. Here no recovery upon an award for disability made previous to applicant's death can be had, for no such award was made. This is not a case for death benefits, but one prosecuted for disallowing a claim for disability."** (Emphasis ours).

"Sec 1465-72, GC, provides that said 'liability board of awards shall disburse the state insurance fund to such employees * * * who have been injured in the course of their employment, * * * or to their dependents in case death has ensued.' Since the Legislature has definitely provided that dependents may receive death benefits in case of death only, and **disability benefits only when an award therefor has been made, to construe the provisions otherwise would simply be legislation by unjustified judicial interpretation.** The right to recover compensation from the state insurance fund does not rest upon the principles of the common law, but upon the grant of legislative authority, which authorizes the collection and disbursement of that fund; the only method by which the fund can be depleted by compensation payments, and **the only rights whereby employees and dependents may participate in the fund, are such, and only such, as are conferred by the Workmen's Compensation Law.**" (Emphasis ours).

"Since Bozzelli's death occurred more than three years after his injury, and there being neither allegation nor proof that such injury caused his death, **it seems that the only action that a dependent or his personal representative could sustain must be bottomed upon a recovery for the unpaid balance of an award under §1465-83, GC.** But such an action would necessarily have to be prosecuted by the dependent's administrator, and not by the administrator of the decedent; but, even so, there **could be no recovery except where a disability award had been made under the provisions of the last-named section * * *.**" (Emphasis ours).

If we are right in construing the language of said opinion as meaning that, where the workman dies from causes other than the injury before an award has been made, said compensation act provides no right of revivor in either an administrator or executor, or in a dependent, than in the event of the death of a workman before an award has been made, no cause of action can be stated against the commission in favor of the administrator or a dependent of such deceased workman, and, as stated in the Bozzelli case at the bottom of page 205, the statutory provisions relating to the survival and abatement of actions can have no application in the instant case.

It might be proper to further say that this construction of the Workmen's Compensation Act is also strongly indicated by the language used by our Supreme Court in a number of cases in which the construction of certain phases of said act were under consideration. Among such cases, we believe the language used in the case of **Industrial Comm. v Dell, 104 Oh St 389,** at pages 398, concerning §1465-83, GC, and 408, concerning §1465-82, GC, is quite significant, and tends to bear out our position in the instant case.

Feeling that we are required to follow the arguments of the Supreme Court in the Bozzelli case, even though they may seem harsh. the judgment of the court below must be affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.